UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ATLANTIC SPECIALTY INS. COMPANY, ET AL.,   :
                                      Plaintiff,      :

                                     -v-                :                      07 Civ. 8508 (BSJ) (GWG)

AMERICAN EAGLE OUTFITTERS,   :

                                     Defendant.    :
------------------------------------------------------------X
FEDERAL INSURANCE COMPANY, ET AL.,   :

                                      Plaintiff,      :

                                     -v-                :                      08 Civ. 2157 (BSJ) (GWG)

AMERICAN EAGLE OUTFITTERS,   :

                                     Defendant.    :
------------------------------------------------------------X
SOMPO JAPAN INSURANCE COMPANY   :
OF AMERICA,

                                     Plaintiff,      :

                                     -v-                :                      08 Civ. 3294 (BSJ) (GWG)

AMERICAN EAGLE OUTFITTERS,   :

                                     Defendant.    :
------------------------------------------------------------X

                                           JOINT PROPOSED
                                           SCHEDULING ORDER

**GABRIEL W. GORENSTEIN**
**UNITED STATES MAGISTRATE JUDGE**

       In compliance with the Court's Order For Conference Pursuant To Rule 16, Atlantic Specialty Insurance, et al. ("Atlantic"), Federal Insurance Company, et al. ("Federal"), Sompo Japan Insurance Company ("Sompo") (collectively "Plaintiffs"), and American Eagle Outfitters ("American Eagle"), through their respective counsel, file this joint Proposed Scheduling Order, which constitutes the written report required by Fed. R. Civ. P. 26(f):

1

1. The initial case management conference is scheduled for **June 27, 2008 at 11:30 am**. Atlantic is represented by Peter G. Rossi, Cozen O'Connor, 45 Broadway Atrium, 16th Floor, New York, NY 10006, (212) 665-2783. Federal is represented by Paul A. Tumbleson, Hoey King Toker & Epstein, 55 Water Street, 28th Floor, New York, NY, 10004, (212) 612-4200. Sompo is represented by Philip C. Silverberg and Kevin F. Buckley, Mound Cotton Wollan & Greengrass, One Battery Park Plaza, New York, NY, 10004, (212) 804-4200. American Eagle is represented by Robert C. Sheps, Sheps Law Group, P.C., 35 Pinelawn Road, Suite 106, East Melville, NY 11747, (631) 249-5600 ext. 1002.

2. These actions were consolidated by the Hon. Barbara S. Jones by Order dated May 22, 2008, and arise out of a fire that occurred on January 21, 2006, on the first floor of the building located at 575 Broadway, New York, New York, in retail premises leased by defendant American Eagle Outfitters (the "Fire"). The Fire caused damage to the premises and property of various other tenants in the building, including the plaintiffs' subrogors: Brant Publications; The Solomon R. Guggenheim Foundation; Take Two Interactive Software, Inc.; Prada USA Corp.; and individuals, Peter Brant; Ryan Brant; and Gwenn Brant. The Plaintiffs have alleged that the reckless, negligent, and/or intentional conduct of American Eagle and/or its employees directly resulted in the damages sustained by each of the Plaintiffs' subrogors. The core issue before the Court is whether the Plaintiffs are entitled to recover monies from American Eagle with respect to the damages caused by the Fire. The Plaintiffs have alleged that they are entitled to such recovery based on the theories of negligence/recklessness, vicarious liability,

negligent supervision, and res ipsa loquitur. American Eagle denies any liability for damages caused by the Fire.

3. The parties have consulted by telephone and email, pursuant to Fed. R. Civ. P. 26(f), and offer the following proposed schedule for the Court's consideration:

   a. The deadline for the exchange of initial discovery responses is **July 31, 2008**. The parties will respond to initial document requests by **August 29, 2008.**

   b. The deadline by which the parties may move to amend the pleadings or join any other parties is **October 1, 2008.**

   c. NAMES OF NON-EXPERT WITNESSES: Sompo has identified the following party and non-party non-expert witnesses who may have knowledge on one or more of the relevant issues involved in this case. Because this list has been developed prior to the exchange of Rule 26(a) disclosures and documents, Sompo reserves its right to modify this preliminary list:

   George Alvarez, Jr.

   Hoxhaj Gani

   Brandon Demoranville

   John Stewart

   Peter Zanelli

   Paul Sherman

   In addition to the foregoing, plaintiff Federal has also identified Greg Stadler as a non-expert witness. Because this list has been developed prior to the

exchange of Rule 26(a) disclosures and documents, Federal reserves its right to modify this preliminary list:

    d. Non-expert discovery will be completed by **January 2, 2009**.

    e. Plaintiffs' expert disclosures in accordance with Rule 26(a)(2) will be made on or before **February 1,** 2009; defendant and any third-party defendant expert reports will be due on or before **March 1, 2009,** and plaintiffs' rebuttal expert reports, if any, will be due on or before **March 16, 2009**

    f. Expert depositions are to be completed by **April 30, 2009**.

    g. Pre-trial motions are to be filed on or before **May 29, 2009**. The parties will submit a joint pre-trial order in accordance with the procedures of the Honorable Barbara S. Jones within thirty (30) days after the entry of all decision(s) issued in response to pre-trial motions. The parties shall follow the rules of Judge Jones with respect to any pre-motion conference, filing, or other requirements for dispositive motions.

4. No party has requested that there be limitations placed on discovery, including any protective or confidentiality orders, at this time, other than the deadlines for discovery set forth herein.

5. The parties have not encountered any discovery matters as to which they have not been able to reach a resolution.

5. The Plaintiffs anticipate expert testimony in the following fields: fire origin; fire alarm systems and engineering; sprinkler systems and engineering. American

Eagle believes that _____ will be potential fields of expert testimony.

6. The parties anticipate that the length of the trial will be **two (2) weeks**. No party has yet requested that this case be heard by a jury.

7. The parties believe that it would be useful to hold a settlement conference after all discovery is completed. The parties would like to discuss settlement at the time under the supervision of your Honor, Judge Gorenstein, or under the supervision of Hon. Barbara S. Jones

8. All discovery (including requests for admission and any applications to the Court with respect to the conduct of discovery) must be initiated in time to be concluded by the deadline for all discovery. Any contention that a party has not responded properly to a discovery request must be brought to the Court's attention immediately and in accordance with the Court's Individual Practices. Any application for an extension of the time limitations herein must be made as soon as the cause for the extension becomes known to the party making the application. The application also must state the position of all other parties on the proposed extension and must show good cause therefore not foreseeable as of the date of this Order. "Good Cause" as used in this paragraph does not include circumstances within the control of counsel or the party. Any application not in compliance with this paragraph will be denied. Failure to comply with the terms of this Order may also result in sanctions.

PRESENTED BY AND CONSENTED TO:
COZEN O'CONNOR

SO ORDERED: DATE: 6/27/2008
GABRIEL W. GORENSTEIN
UNITED STATES MAGISTRATE JUDGE